|  |  |
|---|---|
| MACARIO TORRES GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RESSENDIS, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01031-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 8).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　Plaintiff Macario Torres Gonzalez is a state prisoner proceeding *pro se* and *in forma pauperis* in this in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his complaint on July 12, 2023, alleging that prison staff have been harming him by various means, such as by poisoning his food.

　　　On July 27, 2023, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 8). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 8). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 9).

1

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii) (alterations to punctuation).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE COMPLAINT

The complaint lists Valley State Prison (VSP) as the location of the events in the complaint. Plaintiff names three VSP staff members: (1) Officer R. Ressendis; (2) Lieutenant Isabel Del Toro; and (3) Officer B. Nuñez. Plaintiff brings three claims.

For his first claim, Plaintiff alleges torture in violation of the Eighth Amendment. He states that, from 2018 to the date of the complaint, Defendants Ressendis and Del Toro have been torturing him because they found out that he discovered new evidence in his criminal case against Defendant Nuñez. Since then, he has "been eating food poison[ed] with fungal cream and sometimes [excrement] and [he is] getting rape[d] at night and everyday [he is] getting inflicted with pain sprains joints and spinal cord, also infections, they infected fun[gus] on [his] nails."[1] He has "Alopecia on [his] mustache, cellular disease, and [Defendants Ressendis and Del Toro] broke two [of his] molars . . . with pliers." Under the section of the complaint asking how Plaintiff was injured, he states: "They drip water with fungal cream on my dinner tray. They injected fung[us] using [a] small syringe, same as Alopecia. They broke two of my molars . . . with pliers. They used gas to rape me and sprain my spinal cord."

For his second claim, Plaintiff alleges a threat to his safety in violation of the Eighth Amendment. He states that he spoke to ISU police about fearing for his life because Defendants Ressendis and Del Toro are using STG gang inmates to maliciously hurt him. "They are also using constantly an ultrasound monitor which is hid[den] on top of the ceiling and also they were spraying ammonia with hid[den] sprinklers inside the walls." Plaintiff asserts that, after he requested a transfer to a different prison, ISU suppressed his claims as a lie. As for injury, Plaintiff states that the ultrasound monitor makes it "hard to concentrate and the ammonia gas almost gave [him] a heart condition."

For his third claim, Plaintiff alleges retaliation in violation of the Eighth Amendment. He states that, after he spoke with several "mental health attends" about how he was being "hurt by this STG gang," they neglected his claims and retaliated against him by "saying that [he] was

---

[1] Minor alterations, such as changing punctuation and correcting misspellings, have been made to quoted portions of Plaintiff's complaint without indicating each change.

delusion[al] and they sent [him] to the crisis bed backing up [Defendant] Ressendis with his idea." As for injury, Plaintiff lists his "credibility" and alleges "they are hurting [him] and [he] discover[ed] new evidence is fake because of [the] Mental Health Department[']s final decision."

As for relief, Plaintiff states he needs the Court to verify his claims, hold those responsible accountable, call the FBI and PREA detectives, and transfer him to another prison.

## III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at

1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

**B.     Rule 8(a)**

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

5

Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676-77.

However, Plaintiff has failed to comply with Rule 8 because the complaint does not contain a short and plain statement of his claims showing that he is entitled to relief. Plaintiff does not sufficiently describe what each Defendant did. For example, in his first claim, Plaintiff does not explain what he means when he says he is "getting inflicted with pain," sprains, and infections. He does not describe what each defendant did and why he believes that each defendant caused his pain, sprains and infections. Similarly, Plaintiff fails to provide facts to support Plaintiff's conclusion that Defendants are using gang inmates to harm him. And in his last claim, Plaintiff has not named any mental health staff as Defendants, explained why he believes he is being retaliated against, or specified the retaliatory action each person took.[2] Lastly, the Court notes that, while Plaintiff references a criminal case against Defendant Nuñez, he does not appear to allege that Nuñez was involved in the underlying claims. Thus, it is unclear what, if any, claim he has against Nuñez.

Accordingly, Plaintiff has failed to state any claim against any Defendant.

### IV.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this

---

[2] The Court offers these as only some examples of the information that Plaintiff has failed to provide, not an exhaustive list of the deficiencies of his claims.

6

factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  Lastly, rather than recommend the harsh sanction of dismissal with prejudice, the Court is recommending dismissal without prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

**V.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS that:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 11, 2023**__     /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE